IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KATHY JACKSON**<br>1652 Davis Street, S.E.<br>Washington, DC 20020<br><br>       **Plaintiff,**<br><br>  v.<br><br>**PARAGON SYSTEMS, INC.**<br>13900 Lincoln Park Drive<br>Herndon, Virginia 20171<br><br>and<br><br>**UNITED STATES MARSHALS SERVICE**<br>Division Headquarters<br>Washington, DC 20530-0001<br><br>and<br><br>**INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA**<br>25510 Kelly Road<br>Roseville, Michigan 48066<br><br>       **Defendants.** | Case No.  1:25-CV-805 |

**DEFENDANT PARAGON SYSTEMS, INC. NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Paragon Systems, Inc. ("Paragon"), through undersigned counsel, hereby gives notice of the removal of this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia on the grounds of federal question jurisdiction. In support thereof, Paragon states as follows:

1.      On February 18, 2025, Kathy Jackson ("Plaintiff") filed a Complaint against Defendants Paragon, United States Marshals Service ("USMS"), and International Union, Security, Police, and Fire Professionals of America (the "Union") (collectively, the "Defendants") in the Superior Court of the District of Columbia, captioned *Kathy Jackson v. Paragon Systems, Inc. et al.* (Case No. 2025-CAB-000966) (the "State Court Action"). The Complaint alleges breach of contract, wrongful termination, constructive termination, defamation, intentional inflection of emotional distress, negligence, and violations of the District of Columbia Human Rights Act (the "DCHRA") against the Defendants, and seeks an award of compensatory and punitive damages, in addition to attorney fees and litigation costs and expenses. *See* **Exhibit A**, Compl.

2.      Upon information and belief, Plaintiff has not yet served the Complaint and Summons on Defendant USMS or on the Union.

3.      Paragon was served with a copy of the Complaint and Summons on February 26, 2025. Therefore, and in accordance with 28 U.S.C. § 1446(b), Paragon has timely filed this Notice of Removal within thirty (30) days after it was first served in the State Court Action. *See* 28 U.S.C. § 1446(b)(1) ("[A] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

4.      Pursuant to the requirements of 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Paragon at the time of removal is attached hereto as **Exhibit B** and incorporated by reference.

3.      This court has original jurisdiction under 28 U.S.C. § 1331, because the allegations present a substantive federal question under the Labor Management Relations Act (the "LMRA"). Section 301 of the LMRA provides that actions for "violation of contracts between an employer

and a labor organization representing employees . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). In addition to suits between labor organizations and employers, Section 301 also creates a direct cause of action between an employee and an employer for breach of a collective bargaining agreement. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163-64 (1983).

4. Section 301 not only grants federal court jurisdiction, but also completely preempts two types of state law claims: (a) those alleging the breach of a collective bargaining agreement, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("The preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization"); *Vaca v. Sipes*, 386 U.S. 171, 188-93 (1967); and (b) those whose resolution are substantially dependent upon an analysis of such an agreement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *see also International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 858 (1987) (state law claims preempted if "inextricably intertwined" with consideration of terms of labor contract).

5. Thus, claims for breach of a collective bargaining agreement or claims that require interpretation of a bargaining agreement are inextricably intertwined with the agreement. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Even suits based on torts rather than on breach of a collective bargaining agreement are governed by federal law if their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp.. v. Lueck*, 471 U.S. 202, 210-11 (2013).

3

6. In the Complaint, Plaintiff concedes that she is a member of Bargaining Unit 439, which, in turn, is a member of the Union. *See* **Exhibit A**, Compl. at ¶ 9. As alleged, the Union had a collective bargaining agreement with Paragon, which Plaintiff claims "operates as a contract" and that specifically included a "delineation of rights, disciplinary process, specifications for discipline and termination, and policies against discrimination and retaliation . . ." which the parties collectively breached by suspending her "without just cause" and retaliating against her based on discrimination. *See id.* at ¶¶ 9; 86-87. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

7. Further, Section 301 preempts any claims that are either founded directly upon rights created by a collective bargaining agreement, or substantially dependent on an analysis or interpretation of the collective bargaining agreement. *See Lingle,* 486 U.S. at 399. Here, the Defendants alleged actions, inactions, and/or failures, are all inextricably intertwined by the collective bargaining agreement governing Plaintiff's employment. Indeed, the Defendants' alleged failures to comply with the collective bargaining agreement, or to provide advice under the collective bargaining agreement, are referenced throughout the Complaint, and ultimately serve as the crux of her case. *See* **Exhibit A**, Compl. at ¶¶ 9; 22; 32; 57-58; 68; 75; 82; 86-88.

8. Plaintiff further alleges that the Union failed to properly document her reports of harassment and retaliation, to provide "a plan for resolution", and to counsel her on the grievance process. *See id.* at ¶¶ 57-58. Therefore, and although not expressly phrased as such, Plaintiff's allegations argue that the Union breached its duty of fair representation to the Plaintiff which further serves as a federal question.[1]

---

[1] Paragon maintains that it is immaterial whether the Plaintiff expressly alleges a violation of the duty of fair representation because, as courts have held, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[.]" *Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Tr. For S. California,* 463 U.S. 1, 22 (1983).

9. A claim that a union has breached the duty of fair representation arises under Sections 8(b) and 9(a) of the National Labor Relations Act (the "NLRA" ), 29 U.S.C. §§ 158(b) & 159(a), which bestow exclusive representation status upon a union and impose a duty not to act in bad faith or discriminatorily against employees whom it represents. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6,* 493 U.S. 67, 83 (1989) ("[I]ndependent federal jurisdiction exists over fair representation claims because the duty is implied from the grant of exclusive representation status, and the claims therefore 'arise under' the NLRA."); *Slovinec v. Commcn's Workers of Am.*, 860 F.Supp.2d 25, 31 (D.D.C. 2012) (The duty of fair representation 'is implied under the scheme of the National Labor Relations Act[.]'"). Therefore, claims for breach of the federal duty of fair representation brought in state court is removable because federal courts have original jurisdiction over them. *See* 28 U.S.C. § 1441(a).

10. Paragon has also conferred with counsel for Defendants USMS and the Union, who have consented to the removal of this action. As Defendants USMS and the Union have, upon information and belief, not yet been served, such consent is technically not required, *See* 28 U.S.C.A. § 1446(b)(2)(C), but such consent was nevertheless obtained by Defendant Paragon to err on the side of caution in complying with all applicable legal requirements, and also as a matter of professional courtesy.

11. Concurrent with the filing and service of this Notice and pursuant to 28 U.S.C. § 1446(d), Paragon will serve a Notice of Filing Notice of Removal on the parties and will also file the same with the Clerk of the Court for the Superior Court for the District of Columbia. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

12. By removing this matter, Paragon does not waive (or intend to waive) any defenses.

WHEREFORE, Defendant Paragon Systems, Inc., files this Notice of Removal so that the entire court action under Case No. 2025-CAB-000966 pending in the Superior Court for the District of Columbia, is removed to the United States District Court for the District of Columbia, for all further proceedings.

Dated: March 19, 2025                             Respectfully submitted,

                                                               */s/ Robert R. Niccolini*
Robert R. Niccolini, #1000251
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Tel: (202) 887-0855
Fax: (202) 887-0866
robert.niccolini@ogletreedeakins.com

*Counsel for Defendant Paragon Systems, Inc.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2025, a true and accurate copy of the foregoing *Notice of Removal* was electronically filed via the Court's CM/ECF filing system, with copies served by first-class mail and electronic mail to:

Brian Holeman, Esq.
THE HOLEMAN FIRM LLC
1629 K Street, N.W., Suite 300
Washington, DC 20006
bholeman@holemanfirm.com
*Counsel for Plaintiff Kathy Jackson*


Scott A. Brooks, Esq.
Gregory, Moore, Brooks and Clark
28 W. Adams, Suite 300
Detroit, Michigan 48226
scott@unionlaw.net
*Counsel for Defendant International Union, Security, Police and Fire Professionals of America*


Brian P. Hudak, Esq.
U.S. Attorney's Office, Civil Division
601 D Street, N.W.
Washington, DC 20530
Brian.hudak@usdoj.gov
*Counsel for Defendant U.S. Marshall Service*


         */s/ Robert R. Niccolini*
         Robert R. Niccolini